IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DORIS M. PETRAVICH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>ACTING COMMISSIONER OF )<br>SOCIAL SECURITY, )<br>)<br>Defendant. ) | Civil Action No. 14-1602 |

## MEMORANDUM AND ORDER OF COURT

AND NOW, this 21st day of March, 2016, upon due consideration of the parties' cross-motions for summary judgment relating to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 11) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending applications for disability insurance benefits and supplemental security income on September 23, 2011, alleging a disability onset date of September 9, 2011, due to bipolar disorder, depression, post-traumatic stress disorder (PTSD), anxiety, memory loss and degenerative disc disease. Plaintiff's applications were denied initially. At plaintiff's request an ALJ held a hearing on April 26, 2013, at which plaintiff, represented by counsel, appeared and testified. On May 14, 2013, the ALJ issued a decision finding that plaintiff is not disabled. On September 26, 2014, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 52 years old at the time of the ALJ's decision and is classified as a person closely approaching advanced age under the regulations. 20 C.F.R. §§404.1563(d) and 416.963(d). She has an eleventh grade education, which is classified as limited. 20 C.F.R. §§ 404.1564(b)(3) and 416.964(b)(3). Plaintiff has past relevant work experience as a certified nurse's aide. While plaintiff worked part-time approximately 18 hours a week after her alleged onset date, this work activity did not rise to the level of substantial gainful activity under the Act. Accordingly, the ALJ found that she has not engaged in substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although plaintiff has a number of severe impairments,[1] those

---

[1] Specifically, the ALJ found that plaintiff has the severe impairments of bilateral carpal tunnel syndrome, cervical and lumbar degenerative disc disease(DDD)/spondylosis, thoracic DDD and scoliosis, osteopenia, chronic obstructive pulmonary disease, Chairi Malformation, restless leg syndrome, depression, bipolar disorder, post-traumatic stress disorder, alcohol abuse in remission and polysubstance abuse. (R. 17).

impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to engage in work at the light exertional level but with numerous restrictions necessary to accommodate her physical and mental impairments.[2] Taking into account these restrictions, a vocational expert identified numerous categories of jobs which plaintiff can perform based upon her age, education, work experience and residual functional capacity, including packer, night patrol clerk and mail clerk. Relying on the vocational expert's testimony, the ALJ found that although plaintiff cannot perform her past relevant work, she is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy. Accordingly, the ALJ concluded that plaintiff is not disabled under the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A) and §1382c(a)(3)(B).

---

[2] Specifically, the ALJ determined that plaintiff has the residual functional capacity to perform light work except she can never climb a ladder, rope, or scaffold; can never crawl; can only occasionally climb ramps or stairs; can only occasionally balance, stoop, kneel, or crouch; must avoid concentrated exposure to gases, fumes, and like respiratory irritants; must avoid all exposure to unprotected heights, dangerous machinery, and like workplace hazards; is limited to understanding, remembering, and carrying out simple instructions and performing simple, routine tasks; is limited to only occasional and superficial interaction with co-workers and the public, with no transactional interaction such as sales or negotiation; and is limited to a low stress work environment defined as no production rate pace work, but, rather, goal oriented work with only occasional and routine change in work setting. (R. 20).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.³ 20 C.F.R. §§404.1520 and 416.920. If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 540 U.S. 20 (2003).

Here, plaintiff raises two challenges to the ALJ's finding of not disabled: (1) the ALJ improperly evaluated plaintiff's credibility; and, (2) the ALJ erroneously relied on the vocational expert's response to a hypothetical question that failed to incorporate all of the limitations arising from plaintiff's impairments. Upon review, the court is satisfied that the ALJ correctly evaluated plaintiff's credibility under the regulations and that all of the ALJ's findings are supported by substantial evidence.

Plaintiff first argues that the ALJ failed to comply with the regulations in evaluating plaintiff's subjective statements as to the severity of her limitations and that the ALJ's adverse finding that her statements are not entirely credible was "conclusory." However, the court is satisfied that the ALJ adhered to the appropriate standards in evaluating plaintiff's statements regarding her symptoms and limitations and more than adequately explained the reasons underlying his credibility determination.

---

³ The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.3d at 432; 20 C.F.R. §§404.1520a and 416.920a.

As required under the regulations, the ALJ in this case properly considered plaintiff's subjective statements as to the intensity, persistence and limiting effects of her symptoms in light of the objective medical evidence, as well as all of the other factors relevant to plaintiff's symptoms as set forth in 20 C.F.R. §§404.1529(c) and 416.929(c). *See also* SSR 96-7p. Contrary to plaintiff's contention that the ALJ's credibility finding was "conclusory," the ALJ thoroughly explained, over the course of more than four pages in his decision, why plaintiff's statements concerning "the intensity, persistence and limiting effects of [her] symptoms are not entirely credible." (R. 21-25).

Specifically, the ALJ reviewed the objective medical evidence as to both plaintiff's physical and mental impairments and found the objective evidence to be unsupportive of plaintiff's allegations of disabling impairments. The ALJ noted generally unremarkable results on plaintiff's examinations and that she has received only fairly conservative treatment for both her physical and mental impairments. (R. 21-23). In addition to the objective evidence, the ALJ also cited plaintiff's "relatively full and independent" activities of daily living, her use of primarily over-the-counter medications for her pain, and her ability to engage in part-time work as additional reasons for concluding that plaintiff's allegations of totally debilitating limitations are not entirely credible. (R. 21-25).

Although plaintiff alleges that the ALJ improperly focused on the part-time work plaintiff performed after her alleged onset date, the ALJ did not err in considering that part-time work as *a* factor in assessing plaintiff's credibility as to her allegations of debilitating limitations. 20 C.F.R. §§404.1571 and 416.971 (work done during alleged disability period may show that claimant can work at substantial gainful activity level); *see also* Russo v. Astrue, 421 Fed. Appx. 184, 189 (3d Cir. 2011)(*citing* 20 C.F.R. §404.1571).

Moreover, while it is true, as plaintiff now asserts, that sporadic and transitory activities of daily living cannot be used to show an ability to engage in substantial gainful activity, *see* Fargnoli, 247 F.3d at 40, n.5, the ALJ did not do so here. Instead, the ALJ properly considered plaintiff's allegations in light of not only her activities of daily living but also in light of the objective medical evidence, which revealed the absence of clinical findings supporting plaintiff's allegations of totally debilitating symptoms, as well as the other factors discussed in depth in the ALJ's decision. Based on all of the evidence, the ALJ found plaintiff's statements to be not entirely credible.

It also is important to emphasize that the ALJ did not reject plaintiff's testimony entirely. Rather, to the extent plaintiff's statements as to the limitations arising from her impairments are supported by the medical and other relevant evidence, the ALJ's residual functional capacity finding accommodated those limitations. Only to the extent that plaintiff's allegations are not so supported did the ALJ find them to be not credible.

The record demonstrates that the ALJ adhered to the appropriate standards in evaluating plaintiff's credibility and it is not this court's function to re-weigh the evidence and arrive at its own credibility determination. Rather, this court must only determine whether the ALJ's credibility determination is supported by substantial evidence and is satisfied that it is.

Plaintiff's remaining argument is that the ALJ improperly relied on the vocational expert's response to a hypothetical question incorporating the ALJ's residual functional capacity finding, which, she contends, failed to account for all of plaintiff's work-related mental limitations. Upon review, this court is satisfied that the ALJ's residual functional capacity finding and resultant hypothetical to the vocational expert adequately accommodate all of plaintiff's mental limitations supported by the record.

Residual functional capacity is defined as the most an individual still can do in a work setting despite the limitations caused by his impairments. Fargnoli, 247 F.3d at 40; 20 C.F.R. §§404.1545(a)(1) and 416.945(a)(1). Residual functional capacity is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work-setting on a regular and continuing basis, which means "8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p.

In assessing residual functional capacity, the ALJ is to consider all of the relevant medical and other evidence in the case record in determining the individual's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §§404.1545(a)(3)-(4) and 416.945(a)(3)-(4); SSR 96-8p. In regard to mental abilities, the ALJ first must assess the nature and extent of the claimant's mental limitations and restrictions and then determine the claimant's residual functional capacity for work activity on a regular and continuing basis. 20 C.F.R. §§404.1545(c) and 416.945(c). The ALJ's residual functional capacity finding must "'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" Fargnoli, 577 F.3d at 41 (citation omitted).

The ALJ adhered to the foregoing standards in this case. First, he identified plaintiff's functional limitations and restrictions and then assessed her work-related abilities as to those functions affected by those restrictions, including those set forth in 20 C.F.R. §416.945(b), (c) and (d). The ALJ then incorporated into his residual capacity finding all restrictions on plaintiff's functional abilities arising from her impairments that are supported by the record. (R. 20-25). The ALJ's residual functional capacity assessment complies with the requirements of SSR 96-8p and the applicable regulations.

Although plaintiff now argues that the ALJ failed to account for a number of limitations arising from her mental impairments, including limitations in her ability to concentrate, deal with work stressors, function independently, carry out job instructions, behave in an emotionally stable manner, and demonstrate reliability, the ALJ in fact did accommodate those limitations by restricting her to jobs that require, *inter alia*, only simple instructions and simple, routine tasks, only occasional and superficial interaction with co-workers and the public, and a low stress work environment, which he defined as "no production rate pace work, but, rather, goal oriented work with only occasional and routine change in work setting." (R. 20).

The court is satisfied that the ALJ's residual functional capacity finding in this case is supported by substantial evidence as outlined in the decision and that the ALJ's hypothetical to the vocational expert incorporating that residual functional capacity finding adequately accounts for all of plaintiff's mental and physical limitations that are supported by the objective evidence. Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984)(RFC and hypothetical to the vocational expert must reflect only those impairments and limitations supported by the record). Accordingly, the vocational expert's response to that hypothetical indicating that, despite those restrictions, plaintiff retains the ability to perform the identified light jobs, constitutes substantial evidence supporting the ALJ's finding that plaintiff is not disabled.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Thomas A. Burkhart, Esq.
Lewis and Ristvey, P.C.
689 N. Hermitage Road
P.O. Box 1024
Hermitage, PA 16148

Christy Wiegand
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219